**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MARY WALLS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case: 4:26-cv-01773** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CENTERPOINTE HOSPITAL,** | ) | |
| | ) | |
| **Defendant.** | ) | **Jury Trial Demanded** |
| | ) | |

---

## COMPLAINT

Plaintiff, Mary Walls ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against CenterPointe Hospital ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA"), seeking redress for Defendant's discrimination on the basis of Plaintiff's age, Defendant's age-based harassment, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADEA.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

3. This action is authorized and instituted pursuant to 29 U.S.C. § 621, *et seq.*

4. Venue of this action properly lies in the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar the events giving rise to Plaintiff's claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

5. All conditions precedent to jurisdiction under the ADEA have occurred or been complied with.

6. Plaintiff filed a charge of discrimination on the basis of age, harassment on the basis of age, and retaliation with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

7. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

8. This Complaint has been filed within ninety (90) days of receipt of the EEOC's Dismissal and Notice of Right to Sue.

## PARTIES

9. At all times material to the allegations of this Complaint, Plaintiff, Mary Walls, resides in St. Clair County, in the State of Illinois.

10. At all times material to the allegations in this Complaint, Defendant, CenterPointe Hospital, is a corporation doing business and intentionally seeking out employees, customers, and business in the State of Missouri, whose principal place of business is located at 4801 Weldon Spring Pkwy, Saint Charles, Missouri.

11. Defendant engaged in and benefitted from interstate commerce within the State of Missouri.

12. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by the ADEA, and has been engaged in an industry affecting commerce.

13. Plaintiff was an "employee" of Defendant within the meaning of the ADEA, 29 U.S.C. §631.

14. At all times material, Defendant was an "employer" as defined by the ADEA.

## BACKGROUND FACTS

15. Plaintiff was employed by Defendant as a Housekeeper from on or about April 20, 2026, until her termination on or about August 12, 2026.

16. At all times relevant, Plaintiff was 52 years of age.

17. Plaintiff is a member of a protected class by virtue of her age (52).

18. Throughout her employment, Plaintiff satisfactorily performed her job duties and met Defendant's reasonable performance expectations.

19. Plaintiff did not receive any non-discriminatory write-ups, disciplinary actions, or negative performance evaluations during her employment.

20. In or around April 2026, Plaintiff applied for and obtained an interview for the Housekeeping job.

21. During Plaintiff's initial hiring interview, Plaintiff met Defendant's Manager, Alexis Scott ("Scott").

22. During the interview, Scott stated to Plaintiff, "We are getting tired of hiring old people."

23. Plaintiff responded to Scott's statement, "I do a great job," to which Scott responded, "We'll see."

24. During Plaintiff's initial interview, Scott demonstrated open animus towards older employees.

25. Nevertheless, Defendant then hired Plaintiff.

26. From Plaintiff's first day of employment onward, Scott and supervisor Emma (LNU) were consistently upset with Plaintiff without provocation or reason.

27. On multiple occasions, when Plaintiff would remove items from an office so that she could clean the floor, Scott would tell Plaintiff, "You could do that on your off day."

28. Scott also told Plaintiff a story about a 60-year-old employee who allegedly had a bad attitude and then stated, “old people don’t wanna listen.”

29. After continual and persistent comments and poor treatment, Plaintiff, in or around May 2026, reported to Human Resources the age-based comments and treatment Scott subjected Plaintiff to.

30. Plaintiff reported the age-based comment Scott made during Plaintiff’s interview and Scott’s other offensive comments regarding older employees.

31. In addition to a verbal complaint, Plaintiff wrote and submitted a report documenting the age-based discrimination and harassment she was being subjected to.

32. In making this complaint, Plaintiff was engaging in protected activity.

33. In response to Plaintiff’s complaint, Human Resources told Plaintiff to “worry about [her] job.”

34. Upon information and belief, Defendant took no action after Plaintiff’s complaint of age-based discrimination and harassment, and did not launch a prompt, thorough, or objective investigation.

35. After Plaintiff complained to Human Resources, Scott began ignoring Plaintiff’s questions and became visibly annoyed when Plaintiff received a good performance review.

36. Plaintiff also attempted to speak with Greg (LNU), the head of maintenance, regarding her concerns, but Greg repeatedly brushed Plaintiff off.

37. In or around early August 2026, Plaintiff overheard Scott speaking to another person after Plaintiff walked out of a room.

38. During that conversation, Scott stated, “Her old ass needs to go,” referring to Plaintiff.

39. On or about August 11, 2026, Plaintiff asked Greg and Scott for permission to wear a mask

that lit up for fun the following day to entertain her fellow employees.

40. Greg and Scott approved Plaintiff's request.

41. On the same day, Plaintiff spoke with Greg in the hallway about feeling that she was not accepted in the workplace.

42. Plaintiff told Greg, "[Scott] don't like people my age."

43. Plaintiff was once again making a complaint of age-based discrimination and harassment, and engaging in protected activity.

44. Greg largely disregarded Plaintiff's complaint and told Plaintiff to ignore Scott.

45. On or about August 12, 2026, Plaintiff arrived at work wearing the mask that Greg and Scott had previously approved.

46. Upon seeing Plaintiff wearing the mask, Scott laughed and stated, "I knew you would bring it."

47. Plaintiff then went to Human Resources while wearing the mask, which lit up and changed colors and caused employees to laugh.

48. Plaintiff subsequently walked past an employee orientation, at which point Scott instructed Plaintiff to remove the mask.

49. Plaintiff complied with Scott's instruction, walked to her car, and put the mask away.

50. On her walk to the car, while no patients or clients were near, Plaintiff stated to another employee that she was "tired of this shit."

51. Upon her return to the workspace, Greg found Plaintiff and escorted her to Human Resources.

52. At Human Resources, Plaintiff was informed that her employment was being terminated.

53. Defendant terminated Plaintiff for using the curse word 'shit' while at work.

54. This reason for termination was inconsistent and contrary with Defendant's treatment of other employees, including, but not limited to, Scott, Emma, and another employee known as 'Dee,' who were all younger than Plaintiff, and who frequently used profanity in the workplace, including in Greg's presence.

55. Therefore, Defendant's reason for terminating Plaintiff's employment was pretextual.

56. The true reason for Plaintiff's termination was due to her age (52) and for engaging in protected activity.

57. Plaintiff's termination occurred shortly after she complained about Scott's treatment of older employees and, specifically, after Plaintiff complained to Greg on August 11, 2026, that Scott did not like people Plaintiff's age.

58. Plaintiff was therefore subjected to discrimination and harassment because of her age.

59. Plaintiff also engaged in protected activity opposing the age-based discrimination and/or harassment to which she was subjected and was subjected to retaliation as a result.

60. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer loss of employment, wages, benefits, and other economic damages.

61. Plaintiff has also suffered emotional distress and other non-economic damages as a result of Defendant's unlawful conduct.

62. Other, similarly situated employees outside of Plaintiff's protected class (younger employees) were not subjected to the same treatment as Plaintiff, and were not terminated after committing similar or worse infractions.

63. Plaintiff can show that she engaged in statutorily protected activity—a necessary component of her retaliation claim—because Plaintiff filed complaints with both HR and management regarding the age-based discrimination and harassment.

64. Defendant's discrimination, harassment, and retaliation against Plaintiff, coupled with Defendant's termination of Plaintiff, took a heavy mental toll on Plaintiff, who has suffered and continues to suffer severe mental anguish and distress.

**COUNT I**
**Violation of the Age Discrimination in Employment Act**
**(Age-Based Discrimination)**

65. Plaintiff repeats and re-alleges paragraphs 1-64 as if fully stated herein.

66. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, et seq.

67. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age (52).

68. Plaintiff met or exceeded Defendant's performance expectations throughout her employment with Defendant.

69. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class (employees younger than Plaintiff).

70. Defendant terminated Plaintiff on the basis of her age.

71. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

72. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, and loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT II**
**Violation of the Age Discrimination in Employment Act**
**(Age-Based Harassment)**

73. Plaintiff repeats and re-alleges paragraphs 1-64 as if fully stated herein.

74. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed Plaintiff on the basis of Plaintiff's age, in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §621, et seq.

75. Plaintiff is a member of a protected class under the ADEA due to Plaintiff's age (52).

76. Defendant knew or should have known of the harassment.

77. The age-based harassment was severe or pervasive.

78. The age-based harassment was offensive subjectively and objectively.

79. The age-based harassment was unwelcomed.

80. Defendant acted in willful and/or reckless disregard of Plaintiff's protected rights.

81. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of the Age Discrimination in Employment Act**
**(Retaliation)**

82. Plaintiff repeats and re-alleges paragraphs 1-64 as if fully stated herein.

83. Plaintiff is a member of a protected class under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

84. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about age-based discrimination and harassment.

85. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

86. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of age discrimination and harassment.

87. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory and harassing conduct complained of by Plaintiff.

88. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically, termination.

89. By virtue of the foregoing, Defendant retaliated against Plaintiff based on objecting to the age-based discrimination, thereby violating the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, *et seq.*

90. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

91. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, including necessary healthcare, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court find in Plaintiff's favor and against Defendant as follows:

a. Back pay;

b. Payment of interest on all back pay and benefits recoverable;

c. Front pay;

d. Loss of benefits;

e. Compensatory and punitive damages;

f. Reasonable attorney fees and costs;

g. Liquidated damages;

h. Award pre-judgment interest if applicable; and

i. Award Plaintiff any and all other such relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 15th day of October, 2026.

/s/ ***Nathan C. Volheim***
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ ***Sophia Steere***
**SOPHIA STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575 - 8188
ssteere@atlaslawcenter.com
*Attorney for Plaintiff*

/s/ ***Jake Fondel***
**JAKE FONDEL, ESQ.**
IL Bar No.: 6354446
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-5953
Fax (630) 575 - 8188
jfondel@atlaslawcenter.com

*Attorney for Plaintiff*